UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

OLGA PANTELIDOU,

               Plaintiff,

        -against-

SEYMOUR JACOBS; IANNIS YESSIOS;
GREGORY POLE; GEORGE PETRIDES,

               Defendants.

25-CV-6311 (LLS)

ORDER OF DISMISSAL

LOUIS L. STANTON, United States District Judge:

Plaintiff, who is appearing *pro se*, brings this action under the Court's federal question jurisdiction. By order dated August 10, 2025, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. The Court dismisses the complaint for the reasons set forth below.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits –

to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

## BACKGROUND

The following facts are drawn from the 85-page handwritten complaint.[1] Plaintiff, who states that she is homeless, alleges that Defendants conspired to violate her federally protected rights, as well as those of her son, CY, who was born in 2008.[2] (ECF 1 at 2.) The named Defendants are: (1) Ioannis Yessios, Plaintiff's ex-husband who is not CY's father; (2) Seymour Jacobs; (3) Gregory Pole; and (4) George Petrides. Plaintiff claims that Defendants have "physically and psychologically" abused her and CY. (*Id.* at 6.). She asserts that Yessios has failed to financially support her and CY, and that he has been involved in fraudulent activities, including filing joint taxes without her permission. (*Id.*)

Plaintiff further claims that her patent was stolen and filed under other names, and that it is now being used in the artificial intelligence industry without her consent. (*Id.* at 59.) According to Plaintiff, Lysandros Pantelidis, who she claims is not her real brother, wrongfully institutionalized in a mental health facility in Greece. She also states that the Greek police, influenced by Yessios and Pantelides, attempted to harm her to prevent her from returning to Israel. (*Id.* at 33.) She accuses Seymour Jacobs of being the mastermind behind a global conspiracy involving financial manipulation and control over American banks. (*Id.* at 70.)

---

[1] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation are as in the original unless noted otherwise.

[2] Because federal court filings are generally available to the public on the internet, Rule 5.2 of the Federal Rules of Civil Procedure requires that only initials be used to refer to the name of an individual known to be a minor. Here, the Court has restricted access to Plaintiff's complaint because she uses the complete name for her child, who may be a minor.

2

Plaintiff seeks to have the Federal Bureau of Investigation, the Central Intelligence Agency, and Interpol conduct "a massive investigation" into an alleged global conspiracy and to protect her and CY. (*Id.* at 61.)

Since filing her complaint, Plaintiff has submitted multiple letters to the Court, attached to which are thousands of pages of medical records and other documents discussing various other matters involving Plaintiff, including a bankruptcy proceeding and a family offense proceeding. (ECF 5, 6, 8-28.)

## DISCUSSION

Under the IFP statute, a court must dismiss an action if it determines that the action is frivolous or malicious. 28 U.S.C. §1915(e)(2)(B)(i). "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). A complaint is "'factually frivolous' if the sufficiently well-pleaded facts are 'clearly baseless' − that is, if they are 'fanciful,' 'fantastic,' or 'delusional.'" *Gallop v. Cheney*, 642 F.3d 364, 368 (2d Cir. 2011) (quoting *Denton*, 504 U.S. at 32-33) (finding as frivolous and baseless allegations that set forth a fantastical alternative history of the September 11, 2001 terrorist attacks); *see also Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989) (A claim is frivolous when it "lacks an arguable basis either in law or in fact."); *Livingston*, 141 F.3d at 437("[A]n action is 'frivolous' when either: (1) the factual contentions are clearly baseless . . . ; or (2) the claim is based on an indisputably meritless legal theory." (internal quotation marks and citation omitted)). Moreover, a court has "no obligation to entertain pure speculation and conjecture." *Gallop*, 642 F.3d at 368.

Plaintiff's complaint is premised upon her belief that Defendants conspired to harm her and her son, steal her patent, and manipulate and control American banks. However, a "[p]laintiff's beliefs—however strongly she may hold them—are not facts." *Morren v. New York*

3

*Univ.*, No. 20-CV-10802 (JPO) (OTW), 2022 WL 1666918, at *18 (S.D.N.Y. Apr. 29, 2022) (citation omitted), *report and recommendation adopted*, 2022 WL 1665013 (S.D.N.Y. May 25, 2022). Plaintiff provides no factual basis for her assertions that she has been the victim of a conspiracy among these Defendants. *See Lefkowitz v. John Wiley & Sons, Inc.*, No. 13-CV-6414, 2014 WL 2619815, at *10 (S.D.N.Y. June 2, 2014) (complaint must set forth facts showing basis for information and belief); *Johnson v. Univ. of Rochester Med. Ctr.*, 686 F. Supp. 2d 259, 266 (W.D.N.Y. 2010) (even where necessary evidence is in "exclusive control of the defendant, . . . plaintiff must still set forth the factual basis for that belief").

Despite all of the details provided, Plaintiff has pleaded no factual predicate in support of her assertions. Plaintiff's allegations amount to conclusory claims and suspicions that are not plausible and must be dismissed as frivolous. *See Kraft v. City of New York*, 823 F. App'x 62, 64 (2d Cir. 2020) (holding that "the district court did not err in *sua sponte* dismissing the complaint as frivolous," based on the plaintiff's allegations that he had "been the subject of 24-hour, multi-jurisdictional surveillance by federal 'fusion centers' and the New York State Intelligence Center, which put a 'digital marker' on him in order to collect his personal data and harass him"); *Khalil v. United States*, No. 17-CV-2652, 2018 WL 443343, at *4 (E.D.N.Y. Jan. 12, 2018) (dismissing complaint where "[p]laintiff allege[d] a broad conspiracy involving surveillance of and interference with his life by the United States and various government actors" because his/her allegations were "irrational and wholly incredible").

## LEAVE TO AMEND

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988).

4

Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court

declines to grant Plaintiff leave to amend her complaint.

## CONCLUSION

Plaintiff's complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28

U.S.C. § 1915(e)(2)(B)(i). The Clerk of Court is directed to terminate all pending motions.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would

not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See*

*Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court further directs the Clerk of Court to enter judgment.

SO ORDERED.

Dated:   April 23, 2026
         New York, New York

_____
         Louis L. Stanton
         U.S.D.J.